IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MR. NATHAN E. POWERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 6:20-03040-CV-RK ) |
| ALLSTATE INSURANCE COMPANY, | ) ) |
| Defendant. | ) |

## **ORDER**

Before the Court is Defendant's motion to join Mary Powers as a plaintiff to this action. (Doc. 8.) The time to respond has now passed. After careful consideration, the motion is **GRANTED**.

This case arises under a homeowner's insurance policy issued by Defendant to Plaintiff. Ms. Mary Powers is a named insured on that policy and shares the residence the policy insures. Pursuant to Rule 19 of the Federal Rules of Civil Procedure, the Court finds Mary Powers is a required party to this action.

Rule 19 determines when the joinder of a particular person is mandatory. In applying Rule 19, "[f]irst, the Court must consider Rule 19(a)(1)'s requirement that the person sought to be joined is subject to service of process and will not deprive the Court of subject matter jurisdiction." *Straub v. Progressive Preferred Ins. Co.*, No. 2:17–cv–04022–NKL, 2017 WL 810289, at *2 (W.D. Mo. Mar. 1, 2017). As a resident and citizen of Missouri, Ms. Mary Powers is accordingly subject to service of process. *See Id.* Joining Ms. Mary Powers as a plaintiff in the present action will not deprive this Court of subject matter jurisdiction. Plaintiff and Ms. Mary Powers are citizens of the state of Missouri. Allstate is an Illinois corporation, headquartered in Northbrook, IL, and, therefore, is a citizen of the state of Illinois. Joining Ms. Mary Powers as a plaintiff in the present case would not defeat diversity jurisdiction.

Under Federal Rule 19(a), the nonparty is necessary and must be joined if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii)

leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The Court here finds Ms. Mary Powers to be a necessary party. *See Zumbrunnen v. Shelter Ins. Co.*, No. 12-CV-01468-DW, 2013 WL 12155324, at *2 (W.D. Mo. Mar. 1, 2013). Like in *Zumbrunnen*, Ms. Mary Powers is also a named insured on the policy and, if not joined, could pursue an independent claim, which could result in inconsistent judgments. *Id.* Because Ms. Mary Powers can be joined as a plaintiff, she will be ordered to be joined as a party or joined as an involuntary plaintiff if she refuses to be joined. *See* F. R. Civ. P. 19(a)(2).

Accordingly, and after careful consideration, the motion to join Ms. Mary Powers (Doc. 8) is **GRANTED**. Ms. Mary Powers will be joined as a plaintiff or be joined as an involuntary plaintiff if she refuses to be joined.

**IT IS SO ORDERED.**

                                                      s/ Roseann A. Ketchmark
                                                      ROSEANN A. KETCHMARK, JUDGE
                                                      UNITED STATES DISTRICT COURT

DATED: March 24, 2020